# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MATTHEW L. BEEBE,

    Plaintiff,

v.

BRYAN W. GASTON,

    Defendant

Case No.: 3:18-cv-00545-MMD-WGC

**ORDER**

Re: ECF Nos. 6, 7

Plaintiff filed his original complaint and application to proceed in forma pauperis (IFP) on November 15, 2018. (ECF Nos. 1, 1-1.) Plaintiff brought his action under 42 U.S.C. § 1983, against Washoe County, the Washoe County Sheriff's Department, and Deputy Bryan W. Gaston. He alleged the violation of his Fourth Amendment rights including the right to be free from excessive force and from unlawful arrests and seizures.

The court granted the IFP application and screened his complaint under 28 U.S.C. § 1915(e). The court found Plaintiff states colorable Fourth Amendment claims against Gaston, but he did not include sufficient allegations to state a plausible claim for relief against Washoe County or its sheriff's department under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Therefore, the court allowed Plaintiff to proceed with his claims against Gaston, but gave him thirty days to file an amended complaint to attempt to state a viable claim against the municipal defendants. Plaintiff was advised that if he failed to file an amended complaint within thirty days, the action might be dismissed, and that if he wished to proceed only with his claims against Gaston, to notify the court prior to the expiration of the thirty days. (ECF No. 3.)

The court should have clarified that if no amended complaint was filed within 30 days, the action would be dismissed *only* as to Washoe County and the Washoe County Sheriff's Department, but not as to Gaston, whom the court had concluded Plaintiff could proceed against with his Fourth Amendment claims. This explains why Plaintiff filed both an amended complaint, which is the same as the original complaint except that it omits Washoe County and the Washoe County Sheriff's Department from the caption, as well as a notice that he intends to proceed only against Gaston.

**IT IS ORDERED:**

(1) that Plaintiff's action will **PROCEED** on the Amended Complaint with the Fourth Amendment claims against Defendant Gaston. (ECF No. 6)

(2) The Clerk shall **ISSUE** a summons for Defendant Gaston and send the same to the U.S. Marshal along with one copy of the Amended Complaint (ECF No. 6) and one copy of this Order for service on the Defendant. The Clerk shall also send to Plaintiff one USM-285 form. Plaintiff shall have **20 days** to complete the USM-285 form and return it to the U.S. Marshal to complete service as to Gaston. Within **20 days** of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the court indicating whether the Defendant was served. If Gaston is not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order.

(3) If Plaintiff requires an extension of time to meet the deadline for service, he must file a motion for extension of time under Local Rule 1A 6-1 and Local Rule 26-4 that is supported by a showing of good cause. The motion must be filed *before* expiration of the 90-day deadline.

(4) Once a Defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the Defendant. If an appearance has been entered by counsel for the Defendant, the document must be served on the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the Defendant, or counsel, if the Defendant has an attorney. Under Local Rule 5-1, the proof of service must show the day and manner of service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

**IT IS SO ORDERED**.

Dated: March 8, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge